IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, and HOWARD McDOUGALL, Trustee,<br><br>Plaintiffs,<br><br>v.<br><br>INTERNATIONAL COMFORT PRODUCTS, LLC, a Delaware limited liability company,<br><br>Defendant. | Civil Action No. 3:07-CV-0383<br><br>Judge Aleta A. Trauger<br><br>Magistrate Judge Joe B. Brown |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant, International Comfort Production, LLC ("ICP"), pursuant to Rule 56 of the Federal Rules of Civil Procedure, hereby submits Defendant's Motion for Summary Judgment along with Memorandum in Support of Defendant's Motion for Summary Judgment and Defendant's Rule 56 Statement of Undisputed Facts in Support of Its Motion for Summary Judgment. As more fully discussed in ICP's Memorandum, the facts are undisputed and ICP should be granted summary judgment.

1. Plaintiff Central States Pension Fund (also referred to as "Central States" or the "Fund") is a multiemployer pension plan within the meaning of 29 U.S.C. § 1301(a)(3) of the Employee Retirement Income Security Act, as amended ("ERISA"), 29 U.S.C. § 1001 *et seq*. The Fund brought this action asserting that ICP is vicariously liable to the Fund for an amount the Fund contends went unpaid by Top Transportation Services, Inc. ("Top") and which was triggered by Top's withdrawal as a contributing employer from the Fund. The withdrawal liability the Fund sought from Top is described in provisions of ERISA, as amended by the

Multiemployer Pension Plan Amendments Act of 1980 (the "MPPAA"), 29 U.S.C. § 1381, *et seq.*

2. ICP is a limited liability company, owned by Carrier Corporation. ICP, beginning in 1999, and its predecessor before that, had a contract with Top beginning in 1971 whereby Top provided truck driver services until the contract was terminated in 2002.

3. After Top withdrew from the Fund and the Fund was unable to collect the withdrawal liability from Top or, pursuant to 29 U.S.C. § 1301(b), from the other members of Top's controlled group, Plaintiffs commenced this action against ICP.

4. ICP was never the employer of the employees affected by Top's alleged withdrawal from the Fund, was never obligated to contribute to the Fund, was a stranger to the union representing Top's truck driver employees, and had no connection whatsoever to the Fund. In addition, Top and ICP were separate and independent entities. Neither ICP nor its predecessor were ever members of the same controlled group as Top as described in 29 U.S.C. § 1301(b), nor otherwise under common control with Top. Nonetheless, Plaintiffs seek over $1 million from ICP consisting of the statutory withdrawal liability amount, 29 U.S.C. § 1381, interest, penalties, and attorney's fees.

5. Plaintiffs' claim rests on three alternative theories:

(a) the Fund claims ICP is liable for Top's withdrawal liability under the statutory provisions of ERISA, as amended by the MPPAA, as a result of Top's withdrawal from the Fund;

(b) the Fund claims ICP is liable for Top's withdrawal liability pursuant to a common law doctrine of "equitable assignment"; and

(c) the Fund claims ICP is liable for Top's withdrawal liability pursuant to a 1992 contract between ICP and Top whereby Top provided truck driver services to its customer, ICP.

6. After extensive discovery by the parties, ICP requests judgment in its favor for the following reasons:

(a) ICP was neither a signatory to any contract with the Fund nor a member of Top's controlled group of businesses, and ICP is thus not subject to withdrawal liability under the statute;

(b) ICP is not subject to withdrawal liability under any state law doctrine because Congress expressly provided for preemption of state law in ERISA disputes such as this one, and ICP is not subject to any federal common law doctrine because Congress created a detailed statutory scheme for withdrawal liability under the MPPAA, leaving the Fund's common law claim non-viable as a matter of law; and

(c) ICP is not subject to withdrawal liability under the 1992 contract between ICP and Top because (i) that contract never obligated ICP to pay Top for any withdrawal liability, and (ii) the Fund's contract claim, which depends on a 2005 assignment of contract rights by Top to the Fund, is not actionable as a result of an Illinois corporation law statute of repose.

7. The undisputed facts of this case are that ICP (including its predecessor) and Top maintained a contract since 1971 whereby Top's employees provided truck driver services to ICP at its Lewisburg and LaVergne, Tennessee facilities. During all relevant periods, Top's truck drivers were represented by Teamsters Union Local 327, and Top maintained a collective

3

bargaining agreement (CBA) with the union which required Top to contribute to the Fund on behalf of its truck driver employees.

8. The 1971 contract was succeeded by a 1992 contract contemplating the same services. Under both contracts, Top was exclusively responsible for the labor relations and union relations with respect to Top's employees. The 1992 contract was terminated in 2002 resulting in Top's termination of its drivers working under the ICP contract. The termination of those employees is what the Fund claims was Top's complete withdrawal from the Fund as described in 29 U.S.C. § 1383(a).

9. Top's withdrawal resulted in the cessation of contributions to the Fund. As a result, the Fund claimed over half a million dollars of withdrawal liability against Top and, pursuant to 29 U.S.C. § 1301(b), Top's controlled group members.

<u>The Fund's statutory claim against ICP has no merit.</u>

10. Having failed to collect the statutory withdrawal liability from Top and its affiliates, the Fund claims in its Count I that ICP is liable under the statute for over $1 million. However, as a matter of law, the Fund's statutory claim has no merit.

    (a) ICP was never the employer of Top's employees. ICP never signed a CBA covering Top's employees. ICP was never obligated to pay contributions to the Fund, nor did it ever sign any agreements with the Fund.

    (b) Under these circumstances, federal appellate courts have made it clear that where a customer such as ICP purchases the services of employees of a lessor such as Top, the customer is not an "employer obligated to contribute" to the plan as required by 29 U.S.C. § 1383(a). *Rheem Mfg. Co. v. Central States Pension Fund*, 63 F.3d 703 (8th Cir. 1995). This is the rule of law even where the customer is contractually obligated to reimburse the lessor firm

for contributions the lessor makes to a pension fund, because "the obligation to *reimburse* for contributions made by another is not the equivalent of an obligation to *contribute* in the first instance." *Transpersonnel, Inc. v. Roadway Express, Inc.,* 422 F.3d 456, 461 (7th Cir. 2005) (emphases original). Although it appears that the Sixth Circuit has not addressed this issue, Congress and the courts have emphasized the intent that ERISA be applied as a uniform body of employee benefits law. *See New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Insurance Company,* 514 U.S. 645, 656, 115 S. Ct. 1671 (1995); *Ingersoll-Rand Co. v. McClendon,* 498 U.S. 133, 142, 111 S. Ct. 478 (1990). ICP therefore respectfully submits that this Court should follow the federal appellate courts that have addressed this statutory issue and rule that as a matter of law ICP is not liable to the Fund with respect to the Fund's statutory withdrawal liability claim against Top.

The Fund's common law claim has no merit.

11. In Count II, the Fund's complaint asserts a purported common law claim of "equitable assignment." In this claim, the Fund also seeks over $1 million.

(a) If this common law claim is based on state law, it is preempted by ERISA as a matter of law. 29 U.S.C. § 1144. If this common law claim is based on federal law, it is not actionable because federal law only rarely permits common law causes of action, and even then only if the statute is silent or ambiguous. *Central States v. Mahoning Nat'l Bank,* 112 F.3d 252 (6th Cir. 1997). As have other courts, the Sixth Circuit has repeatedly made it clear that federal common law has limited application in the ERISA area. *Weiner v. Klais and Co., Inc.,* 108 F.3d 86, 92 (6th Cir. 1997) ("federal common law is developed under ERISA only in those instances in which ERISA is silent or ambiguous"); *Tassinare v. American Nat. Ins. Co.,* 32 F.3d 220, 224-25 (6th Cir. 1994) ("where it cannot be said that federal common law is essential to the promotion

5

of fundamental ERISA policies, the plaintiffs may avail themselves only of those remedies authorized by statute"); *Flacche v. Sun Life Assur. Co.*, 958 F.2d 730 (6th Cir. 1992) (refusing to review the definition of the term "fiduciary" under common law because ERISA expressly defines it). In this case, Congress has not been silent or ambiguous about withdrawal liability.

(b)  To the contrary, Congress has enacted a comprehensive set of rules for determining when a withdrawal from a multiemployer plan occurs, who is liable in that event, and how much that party is liable for. 29 U.S.C. § 1381 *et seq.* Therefore, ICP respectfully submits that the Fund's common law claim has no merit as a matter of law and that summary judgment in ICP's favor should be granted as to Count II.

<u>The Fund's contract claim has no merit.</u>

12.  In Count III of its complaint, the Fund claims that ICP is liable to the Fund for over $1 million with respect to Top's withdrawal liability. This claim is based on the 1992 contract between ICP and Top, and it is also dependent on an assignment of Top's rights under that contract which the Fund obtained in 2005 in its litigation with Top several years ago. As a matter of law, this claim has no merit for two reasons.

(a)  The 1992 contract never obligated ICP to pay Top for any withdrawal liability. The contract was limited to reimbursement for costs in ICP's *operations* contemplated under the contract. The contract's total silence about paying Top's withdrawal liability is consistent with all facts and circumstances surrounding the 1992 contract, including the complete lack of any discussion between the parties from 1971 (the inception of their relationship, when withdrawal liability had not yet been enacted) until 1992 (twelve years after the enactment of the MPPAA, by which time the potentially huge impact of withdrawal liability had become well known). Because the 1992 contract did not obligate ICP to pay Top's withdrawal liability, the

Fund's contract claim has no merit as a matter of law, and for that reason ICP respectfully submits that the Court should grant summary judgment in ICP's favor as to Count III.

(b) Even if the Court were to find some merit in the Fund's contract claim, the claim must fail on the independent ground that it is barred because Top's 2005 assignment of rights to the Fund is invalid. The Fund may assert Top's contract claim only if the assignment gives the Fund standing. However, the undisputed facts are that Top was dissolved by the Illinois Secretary of State effective November 1, 2000; Top's contract with ICP did not terminate, and the Fund's withdrawal liability against Top was not incurred by Top, until 2002; Top's assignment was executed in 2005; and this action against ICP commenced in 2007. Under the governing corporation law, Top was barred from carrying on any business after its November 1, 2000 dissolution by the Illinois Secretary of State, except for wind up and liquidation, 805 ILCS 5/12.30(a). Furthermore, after five years following its dissolution, any claims by or against Top are barred by the same law's statute of repose, 805 ILCS 5/12.80. *Sharif v. International Development Group Co., Ltd.*, 399 F.3d 857, 860-61 (7th Cir. 2005). Thus, even if a contractual right existed under the 1992 contract, as a matter of law that right was extinguished under the statute of repose five years after Top's dissolution. *M.E.H. v. L.H.*, 177 Ill. 2d 207, 685 N.E.2d 335 (Ill. 1997). The Fund's contract claim against ICP can be no stronger than if Top were the plaintiff in this action. Therefore, as a matter of law, the Fund's contract claim must fail, and ICP respectfully requests that the Court grant summary judgment in ICP's favor as to Count III of the complaint.

13. ICP also requests an award of its attorney's fees and costs with respect to the Fund's statutory claim against it.

14. Finally, although ICP believes that summary judgment should be granted in its favor as to all three of the Fund's claims discussed above, in the event that this action is not disposed of in ICP's favor, ICP respectfully requests the opportunity to challenge the amount of the Fund's asserted damages, regardless of which theory or theories survive.

WHEREFORE, Defendant International Comfort Products, LLC respectfully requests that the Court grant summary judgment in its favor as to all of the claims presented in the Fund's complaint.

Dated: April 14, 2008

Respectfully submitted,

**INTERNATIONAL COMFORT PRODUCTS, LLC**

By: /s/Lee T. Polk
One of Its Attorneys
Lee T. Polk (ARDC #2225204)
Barnes & Thornburg LLP
One North Wacker Drive, Suite 4400
Chicago, Illinois 60606
Phone: (312) 357-1313
Fax: (312) 759-5646
E-Mail: Lee.Polk@BTlaw.com
(pro hac vice)

Robb S. Harvey (BPR No. 11519)
Waller Lansden Dortch & Davis, LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Phone: (615) 244-6280
Fax: (615) 244-6804
E-Mail: robb.harvey@wallerlaw.com
*Local Counsel for Defendant*

Bart A. Karwath
Barnes & Thornburg LLP
1313 Merchants Bank Building
11 South Meridian Street
Indianapolis, Indiana 46204
E-Mail: Bart.Karwath@BTlaw.com
*(pro hac vice)*

## CERTIFICATE OF SERVICE

I, the undersigned, a non-attorney, hereby certify that true and accurate copies of the foregoing *Defendant's Motion for Summary Judgment* have been served on the below-listed attorneys via the Court's electronic filing system this 14th day of April, 2008.

| | | |
|---|---|---|
| Anthony E. Napoli, Esq.<br>Central States, Southeast and Southwest Areas<br>Pension Fund, Legal Dept.<br>9377 W. Higgins Road, 10th Fl.<br>Rosemont, IL 60018<br>tnapoli@centralstatesfunds.org | John Joseph Franczyk, Jr., Esq.<br>Central States Law Dept.<br>9377 W. Higgins Road, 10th Fl.<br>Rosemont, IL 60018<br>jfranczyk@centralstates.org | Robert Jan Jennings, Esq.<br>Branstetter, Stranch & Jennings, PLLC<br>277 Second Avenue North, 4th Fl.<br>Nashville, TN 37201-1631<br>jan@branstetterlaw.com |

_____
Rick Cheng